UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CLYDE LITTON**                                                                                         **PLAINTIFF**

**v.**                                                                          **CIVIL ACTION NO. 3:23-CV-P378-JHM**

**COOKIE CREWS** *et al.*                                                                             **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil-rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims and allow others to proceed.

**I.**

Plaintiff Clyde Litton was previously incarcerated at Kentucky State Reformatory (KSR) and Kentucky State Penitentiary (KSP). He brings this action against Kentucky Department of Corrections (KDOC) Commissioner Cookie Crews, KSP Warden Scott Jordan, and KSR Sergeant Shawn Carmin in their official and individual capacities. He also sues "KSP Unknown Correctional Officers," "KSP Unknown Shift Captain, Major" and "KSP Unknown Medical Personnell" in both capacities.

Plaintiff makes the following allegations in the complaint:

> I was in Segregation Dorm 3 [at KSP] on July 22, 2022. As I lay on my bunk a guard came to the door and said, remember UA CARMIN?, and began spraying me with pepper spray. He never stopped spraying until I blacked out. When I woke up from the black out I was in the infirmary at KSR, . . . a medical facility. I was and still am completely blind. I have never received a disciplinary report or any information about the matter. As I am blind and must be led by an inmate aide, I have no way of gaining any more information. . . . There was a cover-up of the thing. It was August 30, 2022 when I regained consciousness. Dr. Tringle accuses me of putting feces in my eye. That is a lie. I was not on mental health medication, and have never played with, thrown, or anything else crazy with my feces. The institutional record will support this. During the COVID-19 lockdown at KSR

when imprisoned in 2021-2022 there was a group discussion in Dorm 1 with U.A. Carmin about not getting canteen and spending limits. It was all talk. U.A. Carmin said I'm done or some such, I'm leaving. I stood in front of the barred locked door and said you're not leaving til we settle this. There was further discussion and U.A. Carmin left. I was written up and convicted for this and served SEG. The blinding of me at KSP in retaliation for the above action against UA Carmin. It is a violation of my Eighth Amendment rights. I will be blind for life because of the D.O.C. actions . . . . I was sentenced to permanent blindness by U.A. Carmin and the Kentucky Dept. of Corrections.

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard

of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-Capacity Claims

Plaintiff's official-capacity claims against Defendants Crews, Jordan, and Carmin are subject to dismissal. When state officials are sued in their official capacities for damages, they are not "persons" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for damages are not considered persons for the purpose of a § 1983 claim). Moreover, state officials sued in their official capacities for damages are also absolutely immune from

§ 1983 liability under the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This Eleventh Amendment bar remains in effect when State officials are sued for damages in their official capacity.").

For these reasons, the Court will dismiss Plaintiff's official-capacity claims for failure to state a claim upon which relief may be granted and for seeking damages from Defendants who are immune from such relief.

### B. Individual-Capacity Claims

#### 1. Defendants Crews and Jordan

The Court finds that the pleadings fail to state a claim against either KDOC Commissioner Crews or KSP Warden Jordan. Because Plaintiff makes no allegations against them, the Court assumes that Plaintiff is suing them based upon their supervisory roles. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "[P]roof of personal involvement is required for a supervisor to incur personal liability." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Here, Plaintiff's allegations do not give rise to a reasonable inference that either Defendant Crews or Defendant Jordan had any personal involvement in the actions about which Plaintiff

complains. Thus, the Court will dismiss Plaintiff's individual-capacity claims against these Defendants for failure to state a claim upon which relief may be granted.

### 2. Defendant Carmin

Plaintiff essentially alleges that Defendant Carmin conspired with officers at KSP to have Plaintiff pepper sprayed in retaliation for the incident that occurred between Plaintiff and Defendant Carmin at KSR. Plaintiff's claim against Defendant Carmin fails.

A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *See Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)). The plaintiff must show the existence of a single plan, that the alleged co-conspirator shared in the general conspiratorial objective to deprive the plaintiff of a federal right, and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff. *Id.*; *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). Moreover, a plaintiff must plead a conspiracy with particularity; vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

Plaintiff's allegation of conspiracy is wholly conclusory. He alleges no facts that indicate that Defendant Carmin conspired, or formed a plan with, any KSP official to retaliate against Plaintiff. Thus, the Court will dismiss Plaintiff's claim against Defendant Carmin for failure to state a claim upon which relief may be granted.

### 3. Defendants "KSP Unknown Correctional Officers"

The Court broadly construes the complaint as alleging that a KSP correctional officer retaliated against Plaintiff by spraying him with pepper spray because of the incident that occurred between Plaintiff and Defendant Carmin at KSR.

Upon consideration, the Court will allow a First Amendment retaliation claim and an Eighth Amendment excessive-force claim to proceed against this unknown KSP correctional officer in his individual capacity who, for the sake of clarity, the Court will refer to as KSP Officer John Doe. The Court will direct the Clerk of Court to terminate "KSP Unknown Correctional Officers" as a party to this action and to substitute Defendant KSP Officer John Doe in its place.

### 4. Remaining Defendants

As indicated above, Plaintiff also sues "KSP Unknown Shift Captain, Major" and "KSP Unknown Medical Personnell." While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for his claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which she complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976).

The complaint, however, contains no allegations against either a KSP Major or any KSP medical personnel. Indeed, the complaint does not contain any allegations regarding the medical care he received at KSP.

Thus, the Court will dismiss Plaintiff's claims against these Defendants for failure to state a claim upon which relief may be granted.

## IV.

For the reasons set forth above, **IT IS ORDERED** that Plaintiff's official-capacity claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that **Plaintiff's** claims against "**KSP Unknown Shift Captain, Major**" and "**KSP Unknown Medical Personnel**," as well as Plaintiff's individual-capacity claims against **Defendants Crews, Jordan,** and **Carmin** are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Because no claims remain against these Defendants, **the Clerk of Court is DIRECTED to terminate them as parties to this action**.

The **Clerk of Court** is further **DIRECTED** to replace "**KSP Unknown Correctional Officers**" with "**KSP Officer John Doe**" on the docket sheet.

The Court will enter a separate Service and Scheduling Order to govern the claims it has allowed to proceed.

Date: December 11, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.011